UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA BLACKMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:24-cv-00711-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND**<br><br>(Docs. 12, 14) |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Felicia Blackmon ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for the issuance of findings and recommendations.

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence as a whole and is based upon proper legal standards.  Accordingly, the Court will recommend that Plaintiff's motion for summary judgment and appeal from the administrative decision of the Commissioner of Social Security be denied, the Commissioner's request to affirm the agency's determination to

1

deny benefits be granted, and judgment be entered in favor of Defendant Commissioner of Social Security.

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for supplemental security income on August 30, 2022. AR 10, 257-69.[1] Plaintiff alleged she became disabled on January 1, 2020, due to bipolar, anxiety, depression, and psychosis. AR 278. Plaintiff's application was denied initially and on reconsideration. AR 147-51, 154-58. Subsequently, Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Katherine Loo issued an order denying benefits on March 22, 2024. AR 7-22, 27-48. Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

**Relevant Hearing Testimony and Medical Record**

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

On March 22, 2024, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 10-22. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 30, 2022, the application date. AR 13. The ALJ identified the following severe impairments: bipolar disorder, generalized anxiety disorder, and borderline intellectual functioning. AR 13. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 13-16. Based on a review the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: simple routine tasks, maintain attention and concentration for 2-hour increments with normal breaks; occasional interaction with supervisors, co-workers

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1  and the public, no collaborative work on a team; no production paced work (such as work on an
2  assembly line or at a fast food restaurant during meal times); and can adapt to routine changes at
3  work. AR 16-20. With this RFC, the ALJ determined that there were jobs existing in the national
4  economy that Plaintiff could perform, such as laborer, stores, kitchen helper, and hand packager.
5  AR 21. The ALJ therefore concluded that Plaintiff had not been under a disability since August
6  30, 2022, the date the application was filed. AR 21-22.

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but

3

cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

# **DISCUSSION**[2]

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to explain the discrepancy between the opinion evidence regarding Plaintiff's impairments that the ALJ found somewhat persuasive and the RFC. (Doc. 12 at 3.) Plaintiff also contends that the ALJ failed to offer any reasons for rejecting Plaintiff's subjective complaints. (*Id.*)

### **A. Residual Functional Capacity**

An RFC "is the most [one] can still do despite [his or her] limitations" and it is "based on all the relevant evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20 C.F.R. § 416.945(a)(1) ("We will assess your residual functional capacity based on all of the relevant medical in your case record."). Indeed, "[t]he RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence." *Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022); *see Gonzalez v. Kijakazi*, No. 1:21-cv-01676-SKO, 2023 WL 6164086, at *6 (E.D. Cal. Sept. 21, 2023) ("The nature of the ALJ's responsibility is to interpret the evidence of record, including medical evidence."); *Mills v. Comm'r of Soc. Sec.*, No. 2:13-CV-0899-KJN, 2014 WL 4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014) ("[B]ecause it is the ALJ's responsibility to formulate an RFC that is based on the record *as a whole*, ... the RFC need not exactly match the opinion or findings of any particular medical source."); *accord Macias v. O'Malley*, No. 1:22-cv-01283-JLT-SKO, 2024 WL 51352, at *7 (E.D. Cal. Jan. 4, 2024) (rejecting argument that ALJ's conclusion "must mirror one specific medical opinion"), report and recommendation adopted, No. 1:22-CV-1283

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

JLT SKO, 2024 WL 246173 (E.D. Cal. Jan. 23, 2024).

In formulating the RFC, the ALJ found the prior administrative medical findings of the state agency psychological consultants, Michael D'Adamo, Ph.D., and Richard Milan, Ph.D., "somewhat persuasive." AR 20. Both consultants opined that Plaintiff had moderate limitations in understanding, remembering, or applying information, moderate limitations in interacting with others, moderate limitations in concentrating, persisting, or maintaining pace, and moderate limitations in adapting or managing herself. AR 20, 104, 125. At the initial determination level, Dr. D'Adamo opined that Plaintiff was "only equipped to handle simple direction and procedures," (AR 107), needed "tasks which complete easily and quickly and mostly [at] their own pace," (AR 108), and "[s]hould not serve the public nor coordinate much with others," (AR 109). On reconsideration, Dr. Milan opined that Plaintiff was "able to carryout simple routine tasks, maintain adequate attendance, and remain free of interruptions from psych based sx greater than 90% of the work day/week." AR 129. Like Dr. D'Adamo, he also opined that Plaintiff "[s]hould not serve the public nor coordinate frequently with others." AR 130.

The ALJ evaluated the persuasiveness of these opinions as required under the relevant regulations, and reasoned as follows:

> The assessments are somewhat persuasive. These consultants did not examine the claimant, but they are familiar with the Social Security standards. The opinions are more extreme in light of the mental status examination that were mostly within normal limits and a GAF score of 65. The undersigned gave the claimant the benefit of the doubt in finding moderate limitations in all domains.

AR 20.

Plaintiff does not challenge the ALJ's evaluation of these opinions. Instead, Plaintiff argues that the ALJ failed to provide "any proper explanation" as to why the RFC determination differed from the state agency psychological consultants' opinions that the ALJ found somewhat persuasive. (Doc. 12 at 6.) In particular, Plaintiff faults the ALJ for failing to "provide any rationale to support the decision to not include limitations regarding Plaintiff's need to set her own pace or not engage with the public." (*Id.*)

Plaintiff's argument is not persuasive. In this case, the ALJ found the opinions only somewhat persuasive as they were "more extreme" considering mental status examinations that

5

were mostly within normal limits. AR 20. The ALJ therefore endorsed only moderate limitations in all domains, including Plaintiff's ability to interact with others and maintain pace. *Id.* To account for the moderate limitations in her ability to interact with others, the ALJ included limitations in the RFC to only occasional interaction with supervisors, co-workers and the public and no collaborative work on a team. These limitations adequately accounted for Plaintiff's moderate limitations in the ability to interact with others. *Macquarrie v. Comm'r of Soc. Sec.*, No. 1:21-cv-00072-CDB, 2023 WL 8242069, at *6 (E.D. Cal. Nov. 28, 2023) ("Generally, courts have concluded limiting a claimant to occasional social interactions adequately encompasses moderate limitations with respect to social functioning."). To account for the moderate limitations in Plaintiff's ability to maintain pace, the ALJ included limitations in the RFC to simple routine tasks and no production pace work. These limitations adequately accounted for Plaintiff's moderate limitations in Plaintiff's ability to maintain pace. *See*, *e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding moderate limitations in pace were accounted for in an RFC limiting claimant to simple tasks); *Garcia. Comm'r of Soc. Sec.*, No. 1:21-cv-01799-SAB, 2023 WL 4162766, *14 (E.D. Cal. June 22, 2023) (noting that the Ninth Circuit generally has determined limitations to "simple" work sufficiently addresses "moderate" mental limitations and collecting cases); *Hughes v. Colvin*, 599 F. App'x 765, 766 (9th Cir. 2015) (finding RFC "took into account [claimant's] mental functional limitations, including moderate difficulties in social functioning, concentration, and persistence, by restricting her to simple, routine, repetitive tasks in a job where she could work independently with no more than occasional public interaction").

Plaintiff's argument also mischaracterizes the opinions of the state agency physicians, claiming their opinions included limitations regarding Plaintiff's "need to set her own pace" or "not engage with the public." (Doc. 12 at 6.) According to the record, the state agency physicians did not find that Plaintiff *always* needed to set her own pace, only that she needed to work "mostly at her own pace." AR 108. The state agency physicians also did not find that she was completely precluded from interaction or engagement with the public, only that she should not "serve" the public. AR 109, 130

Additionally, Plaintiff appears to overlook that the ALJ also found the opinion of the consultative examiner, Dr. Gil Schmidt "generally persuasive." AR 20. As noted above, "because it is the ALJ's responsibility to formulate an RFC that is based on the record *as a whole*, ... the RFC need not exactly match the opinion or findings of any particular medical source." *Mills*, 2014 WL 4195012, at *4 n.8. Dr. Schmidt opined that Plaintiff's abilities to perform simple repetitive tasks, detailed and complex tasks, accept instructions from supervisors, interact with coworkers and the public, perform work activities on a consistent basis without special or additional instructions, maintain attendance in the workplace, complete a normal workday/workweek without interruption from a significant psychiatric condition, and deal with the usual stress encountered in the workplace were unimpaired. AR 550. The ALJ determined that Dr. Schmidt's opinion was "consistent with the findings during the evaluation that included intact memory, good ability to perform calculations, intact attention and concentration and adequate grooming." AR 20. However, the ALJ gave Plaintiff the benefit of the doubt and found moderate limitations, rather than no limitations. *Id.* For the reasons discussed, the ALJ adequately accounted for Plaintiff's moderate limitations in the resulting RFC.

**B. Subjective Complaints**

Plaintiff next argues that the ALJ failed to state a clear and convincing reason for rejecting Plaintiff's testimony. (Doc. 12 at 8.)

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but discounted her statements concerning the

7

intensity, persistence and limiting effects of those symptoms. AR 17. The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

The Court finds that the ALJ provided specific and legitimate reasons for discounting Plaintiff's subjective complaints. As one reason, the ALJ considered whether Plaintiff's subjective complaints were consistent with the objective medical evidence of record. AR 17-18. While a lack of objective medical evidence cannot form the sole basis for discounting testimony, inconsistency with the medical evidence or medical opinions can be sufficient. *See Woods v. Comm'r of Soc. Sec.*, No. 1:20-cv-01110-SAB, 2022 WL 1524772, at *10 n.4 (E.D. Cal. May 13, 2022) (citing *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008); 20 C.F.R. 416.929(c)(2) (consideration of objective medical evidence, including laboratory diagnostic techniques); SSR 16-3p, 2017 WL 5180304, at *5 ("We must consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record."); *see also Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *accord Dittmer v. Comm'r of Soc. Sec.*, No. 1:22-CV-01378-SAB, 2024 WL 967439, at *9 (E.D. Cal. Mar. 6, 2024) ("Ninth Circuit caselaw has distinguished testimony that is 'uncorroborated' by the medical evidence from testimony that is 'contradicted' by the medical records, deeming the latter sufficient on its own to meet the clear and convincing standard.").

Here, the ALJ summarized Plaintiff's testimony and allegations, including Plaintiff's testimony that she is homeless, and she cannot be around other people. AR 17. The ALJ also considered Plaintiff's reports of problems with "personal care, bathing once every 6 months, washing her hair every 3 to 4 months, not eating regularly, and wearing the same clothes for weeks," along with her reports of "poor memory, difficulty completing tasks, poor concentration, problems understanding things, problems following instructions, and difficulty getting along with others." *Id.* (citing AR 316-23). The ALJ then contrasted Plaintiff's subjective complaints with the objective medical record (primarily from the consultative examination), and explained:

8

> As for the claimant's statements about the intensity, persistence, and limiting effects of [her] symptoms, they are inconsistent because the claimant was described as appropriately dressed in adequate hygiene, her affect was congruent to mood, speech was within normal limits, her thoughts were within normal limits, no tangential thinking, or thought blocking was noted, internal distractions, or magical beliefs. Moreover, there was no indication of thought of harm to self or others, nor did she indicate any acute disturbing hallucinations. Her memory was intact, she was able to perform simple calculations without distress, processing times were within reasonable limits for gainful employment and her attention and concentration appeared within normal limits.

AR 18; *see also* AR 541-50. In discussing Plaintiff's allegations, the ALJ also noted that "[m]ental status exams were mostly normal except for some anxiousness and irritability. No delusions, hallucinations, clear speech, and logical thought process were noted and a consistent GAF score of 65." AR 19 (citing AR 590 [April 2023]); *see also* AR 593.

As another reason for discounting Plaintiff's subjective allegations, the ALJ cited inconsistencies between Plaintiff's testimony and conduct and contradictions in her statements. AR 19. An ALJ may employ ordinary techniques of credibility evaluation, such as considering claimant's inconsistent statements and other testimony by the claimant that appears less than candid. *See*, *e.g.*, *Moreno v. Comm'r of Soc. Sec.*, No. 1:19-cv-01580-SAB, 2021 WL 84376, at *6 (E.D. Cal. Jan. 11, 2021) (citations omitted). Indeed, inconsistencies between a claimant's testimony and conduct, or internal contradictions in the claimant's testimony, are relevant in evaluating subjective symptom testimony. *See Rios v. O'Malley*, No. 1:22-CV-01509-SKO, 2024 WL 584079, at *9 (E.D. Cal. Feb. 13, 2024) (concluding ALJ did not err in discounting plaintiff's testimony where ALJ considered inconsistencies in plaintiff's testimony); *Bradley P v. Kijakazi*, No. EDCV 21-00298-AS, 2022 WL 5048317, at *4 (C.D. Cal. Mar. 24, 2022) (citing Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (explaining that inconsistencies between a claimant's testimony and conduct, or internal contradictions in the claimant's testimony, may be relevant in evaluation of claimant's subjective symptom testimony). For example, the ALJ observed that despite allegations of poor sleep, Plaintiff admitted to drinking 3 cups of coffee and soda per day. AR 19 (citing AR 572). As another example, the ALJ cited Plaintiff's report of being homeless, but noted that multiple records documented that she resided with her partner. AR 19. The ALJ also noted that while Plaintiff reported being homeless, she appeared capable of preparing and

1    cooking simple meals without assistance.  AR 17 (citing AR 545).  As another example, the ALJ

2    remarked that Plaintiff testified about multiple side effects from her medications, but in April

3    2023, "she told her treating doctor she did better on the medications, and she reported no side

4    effects," and she continued to deny medication side effects in July 2023 and November 2023.  AR

5    19 (citing AR 590, 645 [November 2023]); *see also* AR 591, 611 [July 2023].

6            The Court concludes that the ALJ provided clear and convincing reasons for discounting

7    Plaintiff's subjective complaints.  Even if one of the reasons for discounting those complaints was

8    invalid, any such error is harmless because the ALJ provided other valid reasons for discounting

9    Plaintiff's subjective testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

10   1161-63 (9th Cir. 2008) (finding that two invalid reasons to reject a claimant's testimony were

11   harmless error where the ALJ articulated two other reasons supported by substantial evidence in

12   the record); *Molina*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("several of our cases have held that an

13   ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a

14   claimant's testimony, but also provided valid reasons that were supported by the record").

## CONCLUSION AND RECOMMENDATION

16       Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial

17   evidence in the record as a whole and is based on proper legal standards.  Accordingly, IT IS

18   HEREBY RECOMMENDED as follows:

19       1.    Plaintiff's motion for summary judgment (Doc. 12) and appeal from the agency's

20           decision be denied.

21       2.    The Commissioner's request to affirm the agency's decision (Doc. 14) be granted.

22       3.    The Clerk of the Court be directed to enter judgment in favor of Defendant

23           Commissioner of Social Security, and against Plaintiff Felicia Blackmon.

24       These Findings and Recommendations will be submitted to the United States District

25   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

26   **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

27   file written objections with the court.  The document should be captioned "Objections to

28   Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

**fifteen (15) pages or include exhibits**. **Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 15, 2025**__                          /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE